**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1750

UNITED STATES OF AMERICA,

Appellee,

v.

KEVIN BOULAIS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, U.S. District Judge]

Before
Boudin, Chief Judge,
Selya, Circuit Judge,
and Schwarzer,[*] Senior District Judge.

Sven D. Wiberg and Desfosses Law Firm for appellant.
Joseph N. Laplante, Assistant United States Attorney, with whom Thomas P. Colantuono, United States Attorney, was on brief for appellee.

January 18, 2006

---

[*]Of the Northern District of California, sitting by designation.

**SCHWARZER, <u>Senior District Judge</u>**. Kevin Boulais ("Boulais") appeals his sentence of 100 months, imposed following a guilty plea to one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). In sentencing Boulais, the district court departed downward from the Armed Career Criminal Act's ("ACCA") mandatory minimum sentence of 180 months. 18 U.S.C. § 924(e)(1). Boulais argues that his case should be remanded for resentencing. We reject Boulais' arguments and affirm his sentence.

## FACTUAL AND PROCEDURAL HISTORY

Boulais pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The plea agreement stated that Boulais faced a maximum penalty of ten years' imprisonment, but indicated in a footnote that he could face a fifteen-year minimum penalty with the potential for life imprisonment if he was found to be an armed career criminal under the ACCA, 18 U.S.C. § 924(e). After the plea agreement had been signed, but before the plea colloquy, the government offered evidence indicating that Boulais qualified for sentencing as an armed career criminal. At the waiver of indictment and change of plea hearing, Boulais was advised by the district court that he could be sentenced as an armed career criminal.

At the sentencing hearing, Boulais raised a general constitutional objection to the United States Sentencing Guidelines

and a Sixth Amendment Confrontation Clause objection to the court's application of the ACCA. Boulais did not admit or stipulate to the fact that he had prior convictions. However, when questioned directly by the district court regarding his objection to the ACCA's application, Boulais stated that he had no factual basis for challenging the prior convictions listed in the presentence report.

The district court initially calculated Boulais' sentencing range under the Guidelines to be 168-210 months. Over Boulais' objection, the court found the ACCA's fifteen-year minimum sentence to apply, but departed downward on the government's substantial assistance motion to arrive at the 100 months' sentence.

Following the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), we invited supplemental briefing to address whether Boulais preserved a Booker claim and whether his case should be remanded for resentencing.

## DISCUSSION

We review a preserved claim of Booker error under the harmless error standard. United States v. Vazquez-Rivera, 407 F.3d 476, 488 (1st Cir. 2005); see Booker, 125 S. Ct. at 769. Here, Boulais preserved his Booker claim by challenging the Guidelines' constitutionality in the district court. We review alleged violations of the Sixth Amendment's Confrontation Clause *de novo*. United States v. Rondeau, 430 F.3d 44, 47 (1st Cir. 2005).

Boulais' arguments for a remand for resentencing come down to three propositions. We find none to be meritorious.

First, Boulais claims Booker error because the district court conducted a Guidelines analysis of his potential sentence. Such an error exists when a "defendant's Guidelines sentence was imposed under a mandatory system." United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005). However, Boulais' sentence was imposed under the ACCA, not the Guidelines, and hence Booker does not apply. See United States v. Ivery, 427 F.3d 69, 71 (1st Cir. 2005) (holding sentencing under the ACCA not to be a Booker error); United States v. Sanchez-Berrios, 424 F.3d 65, 80 n.8 (1st Cir. 2005).

Second, Boulais objects on constitutional grounds to any use of prior convictions not charged in the information or proved to a jury. However, as we have made clear, following Booker, "it remains the law that previous criminal convictions are not 'facts' that must be found by a jury and proved beyond a reasonable doubt." United States v. Work, 409 F.3d 484, 491 n.1 (1st Cir. 2005) (citation omitted); see also Ivery, 427 F.3d at 74 (holding that "nothing in Blakely or Booker alters the continuing validity of the Almendarez-Torres exception to Apprendi"). Here, the presentence report and the district court's colloquy with Boulais provided a constitutionally sufficient basis for sentencing Boulais under the ACCA. Boulais admitted at sentencing that he did not "have a basis

-4-

to challenge [any of the predicate convictions in the presentence report] on a factual basis as a matter of proof on the burden." Nor is there merit in Boulais' arguments based on <u>Blakely</u> v. <u>Washington</u>, 542 U.S. 296 (2004), since his sentence was well below the statutory maximum of life imprisonment. <u>See</u> <u>United States</u> v. <u>Perez-Ruiz</u>, 353 F.3d 1, 15 (1st Cir. 2003).

Third, Boulais objects to the use of the criminal history calculation in the Presentence Report on hearsay grounds. The Sixth Amendment right to confront witnesses, however, does not apply to sentencing. <u>United States</u> v. <u>Luciano</u>, 414 F.3d 174, 178-79 (1st Cir. 2005). The district court's use of the presentence report raises no Confrontation Clause issue.

**<u>Affirmed</u>**.